**ORIGINAL**

Robert Klure
PO Box 1175
Los Altos, Ca 94023
Telephone: (415) 515-3658
Facsimile: (415) 901-2649
Email: robertklure79@msn.com

Self Represented

**E-filing**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORIA
# SAN FRANCISCO DIVISION

ROBERT KLURE,

    Plaintiffs,

vs.

ANDRE DONIEL ARMSTRONG,
AND DOES 1 TO 100,

    Defendants.

Case No: CV 11 1853 EMC
Dept. No.:

**CIVIL RIGHTS COMPLAINT**
**CIVIL RICO CONSPIRACY**
WILLFUL AND INTENTIONAL SCHEME TO DEPRIVE A PRISONER OF THE RIGHT TO BE PROTECTED FROM INJURY AND ASSAULT WITHIN THE BOUNDARIES OF A REASONABLE PERSON

Causes of Action
1) Negligence
   Intentional wrongs
   Assault & Battery
   Strict Liability
2) Premises Liability
3) Breach of Fiduciary Duty
4) Negligent Infliction of Emotional Distress (NIED), Post-traumatic Stress Disorder (PTSD)
5) Third Party Liability for the Criminal Acts of others

## JURISDICTION

[Unlimited – amount exceeds $75,000.00]

The United States District Court has jurisdiction pursuant to Title 28 U.S.C. § 1331, § 1343; Title 42 U.S.C. § 1983 and any other this Court feels is appropriate. Pursuant to California Procedure Rule 5 – there is a remedy for every wrong as this case evolves from the placement of

Civil Rights Complaint          Page 1 of 11

Case No _____

Robert Klure, pro se
PO Box 1175
Los Altos, California 94023
(415) 515-3658 FAX: (415) 901-2640 email: robertklure79@msn.com

Robert Klure, Plaintiff herein, into Cornell Corrections located at 111 Taylor Street – Room 302, Ca 94102, San Francisco County, Ca. At the time, Robert Klure was a pretrial status citizen under indictment of the Federal Court of California, Northern District of California – San Jose Division, who was placed in the Cornell Corrections housing facility of inmates, from all security levels, and just out of prison and still incarcerated. Robert Klure reported to Cornell around April 7th, 2010. Upon installation into the facility, Robert Klure was attacked and battered while asleep, on April 9th, 2010, in his assigned room 302, without provocation and by an inmate with a long history of violence, named herein as Defendant 1, Andre Doniel Armstrong, resulting in his hospitalization at San Francisco General Hospital for skull fracture, concussion, and other neurological and physical trauma. Jurisdiction herein is a settled practice implicitly endorsed under Title 42 U.S.C. § 1988, that which states:

'The jurisdiction in civil . . . matters conferred on the district courts by the provision of this title, . . . for the protection of all persons in the United States in their civil rights, and for their vindication shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offense against law, the common law, as modified and changed by the constitution and statutes of the state where in the court having jurisdiction of such civil . . . cause is held, so far as the same is not inconsistent with the constitution and laws of the United States, shall be extended to and govern said courts in the trial and disposition of the cause . . . .'

## PARTIES

**PLAINTIFF** is Robert Klure a citizen of Northern California, United States of America; **mailing address** is: P.O. Box 1175, Los Altos, California 94023.

**The defendants listed below form a conspiracy to deny plaintiff Civil Rights Guarantees:**

**FIRST DEFENDANT** is Andre Doniel Armstrong, inmate register number 14632-097, date of birth 12-25-72, age 38, Race Black, Sex Male, height 6'-0", weight 265 currently under Federal Supervision – Probation, previously housed at Cornell Corrections – 111 Taylor Street, San Francisco, Ca 94104, and thought to be on probation in the Eastern District of California, and residing at 2060 W Alpine Ave, Stockton, Calif 95204, tel 209 467-8293, with relatives Aimee M Armstrong (31) and Cynthia A Armstrong (54)

**SECOND DEFENDANT** - Does 1 through 100.

**Related Case/Tort:**

**Cornell Corrections** is currently a Federal Contract Agency named in a Federal Tort, based on the same incident and causes of action. Cornell Corrections is in San Francisco, 111 Taylor

Civil Rights Complaint                                                                                          Page 2 of 11

Case No _____

Street, San Francisco, Ca 94102-2800, tel: 415 673-1720, also a public corporation with Corporate Offices at 1701 Apron Dr, Big Spring, Texas 79720 tel: (432) 264-0060.

## NATURE OF CASE

I, Robert Klure, Plaintiff, aggrieved party, in pro se comes to this Court with herein case for damages. The fundamental elements of this Complaint For Damages centers around the 'Violation of the Civil Rights' of Robert Klure, wherein the Defendants participated in a conspiracy defined under Civil Rico Federal Statue 18 U.S.C. § 1961, to deprive Plaintiff of 'the rights to life, liberty, and the pursuit of happiness as defined in the United State Constitution as a right of every citizen.' Defendant was ordered to report to Cornell Corrections at the Taylor Street facility in San Francisco. He was assigned to room 302 which was a four man room. Within a day, and on April 9th, 2010, at 2:00 am in the early morning, two San Francisco Police officers were dispatched to Cornell at 111 Taylor Street. Robert Klure, Plaintiff herein, was attacked and battered while asleep in his bunk. In the SF Police Report #100328067, Klure is noted to have signed a citizen's arrest form after describing that Armstrong hit him with his fist in the right eye. The other two roommates who had been asleep said they "did not see anything that happened between Klure and Armstrong". Andre Armstrong explained away his assault and the resulting injuries to Klure' skull and orbital socket by claiming that Klure fell out of bed. The medical examination evidence by the ambulance attendants who retrieved Klure at Cornell and transported him to San Francisco General Hospital, noted injuries to Klure's knee where he landed on the floor after responding to the blow to his head by Armstrong, and the emergency attendants at the hospital did additional x-rays of Klure's shoulder for possible dislocation; an injury which occurred when Klure tried to catch himself. Those additional injuries indicated that Klure reflexed after Armstrong's blow, and landed on the floor on his knee, after slowing the fall and catching himself with his arm and shoulder. In addition, it would be impossible for the injuries to occur to Klure's right orbital socket (skull structure supporting the eye), from a fall on to a padded and carpeted floor. The orbit housing eye is shelter by the bone under the eyebrow and the cheek bone. The medical evidence alone precludes such injury from any etiology other than a focused, pointed (knuckle type) blow pushing the eye through the orbital bone and shattering the socket, and defined by the attending emergency physicians as an "orbital floor blow-out".

Civil Rights Complaint                                          Page 3 of 11

Case No ____

## CAUSE OF ACTION

### Count I - Negligence

**First Cause of Action** for Negligence - Intentional wrongs, Assault & Battery, and Strict Liability; an action against Andre Doniel Armstrong, and Does responsible for maintaining the safety of the Plaintiff. Plaintiff in his first cause of action incorporates all facts stated in the nature of case statement above. Herein the negligence is considered gross when there is intentional failure to perform a manifest duty to protect, in reckless disregard of the consequences as affecting the life, wellbeing, safety, or property of another. When Andre Doniel Armstrong viciously attacked Robert Klure, while he was asleep, he committed the most savage and beast-like form of negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal and moral duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It amounts to indifference to present moral and legal duty and to utter forgetfulness of moral and legal obligations. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary prudence. It falls short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong. Defendants herein are responsible for willful and intentional wrongs.

Gross negligence as in this case consists of conscious and voluntary acts of disregard for the safety of the Plaintiff by Defendants, which has resulted in injury to Plaintiff. The Defendants and Cornell Corrections, who contractually and morally accepted and were obligated to protect the Plaintiff, are aware of their neglect of reasonable duty. That entire want of duty of care which would raise belief that act or omission complained of, was result of conscious indifference to the civil rights, welfare, and physical safety of persons affected by it. The defendants were grossly negligent when they were willfully indifferent to their legal, contractual and moral duty and their legal obligations to protect the Plaintiff, when they failed to protect him from assault and battery.

Civil Rights Complaint                                          Page 4 of 11

Case No ____

## CAUSE OF ACTION

## Count II - Premises Liability

**Second Cause of Action for Premises Liability;** an action against Andre Doniel Armstrong, and Does who are custodians of the property wherein Plaintiff was harmed. Plaintiff in his second cause of action incorporates all facts stated in the First Cause of Action.

Premise liability law is the body of law which makes the persons who are residing at and in possession of land or premises responsible for certain injuries suffered by persons who are present on the premises. The Plaintiff was an invitee, detainee, obligated, and ordered to be at the property (Rowland v. Christian (1968) 69 Cal. 2nd 108). Herein the Premises Liability is considered gross when there is intentional failure to perform a manifest duty to maintain safety, in reckless disregard of the consequences as affecting the life or property of another. The negligence herein involves a third person's wrongful and criminal act, where one can hold the possessor liable for harm. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal and moral duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It amounts to indifference to present legal and moral duty and to utter forgetfulness of legal obligations. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary prudence. It falls short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong.

Gross negligence as in this case consists of conscious and voluntary act of "third party premises liability" which has resulted in injury to Plaintiff, which the possessors, and other defendants are responsible for (negligent security) and aware of (Lai Chau v. Southstar Equity Limited Co. and Brookside Properties Inc –Tampa, Florida 2001). That entire want of care which would raise belief that act or disregard complained of was result of conscious indifference to the civil rights and welfare of persons affected by it. The defendants were grossly negligent when they were willfully indifferent to their legal duty and their legal and moral obligations to Plaintiff when they failed to preserve a safe environment for him in a timely and ongoing manner.

Civil Rights Complaint                                    Page 5 of 11

Case No ____

Robert Klure, pro se
PO Box 1175
Los Altos, California 94023
(415) 515-3658  FAX: (415) 901-2640  email: robertklure79@msn.com

## CAUSE OF ACTION

### Count III - Breach of Fiduciary Duty

**Third Cause of Action for Breach of Fiduciary Duty;** an action against Andre Doniel Armstrong, and Does who are custodians of the property wherein Plaintiff was harmed. Plaintiff in his third cause of action incorporates all facts stated in the First and Second Cause of Actions. The fiduciary duty of employees and guardians possessing and residing at the premises must, while subordinating one's personal interests to that of the other person, protect invitees. It is the highest standard of duty implied by law. Their fiduciary duty in this case was to timely and consistently preserve the safety and wellbeing of the Plaintiff. The defendants knowingly deprived Plaintiff of safety from harm, life liberty and the pursuit of happiness by not keeping to the high standard implied by law, for those possessing a pretrial detainee's premises. The defendant's are liable for compensatory damages for physical and mental injuries, that were not an accident, while the pretrial detainee was on their premises and under their care.

## CAUSE OF ACTION

### Count IV - Negligent Infliction of Emotional Distress (NIED), Post-traumatic Stress Disorder (PTSD

**Fourth Cause of Action for Negligent Infliction of Emotional Distress (NIED), Post-traumatic Stress Disorder (PTSD);** an action against Andre Doniel Armstrong, and Does who are custodians of the property wherein Plaintiff was harmed. Plaintiff in his fourth cause of action incorporates herein all facts stated in the First, Second and Third Cause of Actions. Plaintiff strongly objects to the violations of his civil rights. In this matter it was appropriate for Defendants and custodians to protect Plaintiff from unreasonable or oppressive violations of safety and care by other residents in a community corrections center, and to subject detainees to negligent infliction of emotional distress, and post-traumatic stress. Civil law is a course of legal proceedings according to those rules and principles which have been established in our system of jurisprudence for the enforcement and protection of individual rights, safety and quality of life. Enforcement of the individual's civil rights often involves a determination of personal responsibility and liability, and possibly criminal prosecution for violations. To allow a detainee to suffer injury and then to allow the continuing presence of the perpetrator, is unconscionable.

Civil Rights Complaint                                                                                    Page 6 of 11

Case No _____

Civil rights law implies the obligation to protect the person affected by violations of law in its most comprehensive sense; to be heard and to have the right of controverting the wrong, and precluding the possible second occurrence of additional harm. The conspiracy, scheme and plot of the Defendants herein to purposely deprive the Plaintiff of his right to safety, life, liberty and the pursuit of happiness is unconscionable. After the assailant harmed the Plaintiff, the possessors and custodian allowed assailant to remain and wonder freely throughout the premises; an act of intimidation to the Plaintiff, the victim of the assault and battery.

## CAUSE OF ACTION

### Count V - Third Party Liability for the Criminal Acts of others

**Fifth Cause of Action for Third Party Liability for the Criminal Acts of others;** an action against Andre Doniel Armstrong, and Does who are custodians of the property wherein Plaintiff was harmed. Plaintiff in his fifth cause of action incorporates herein all facts stated in the First, Second, Third, and fourth Cause of Actions. When the particular criminal act by a third person is foreseeable, the possessor, custodian of the property and his agents have a duty to protect entrants from attack. An act would be considered foreseeable with a history of prior similar acts or a totality of the circumstances in test. In this obvious third party liability for criminal acts of another, the custodian of the premises had foreseeable history when they placed a pretrial, non-violent, older detainee, Robert Klure, in a room with a younger inmate like Andre Doniel Armstrong whose criminal history was riddled with violence for many years at a high level federal prison, and prior to his arrest for drugs and violent crimes. If the custodian of the property had exercised any standard of care, or used any of their prior experience, they would have avoided the particular danger they put Plaintiff Robert Klure in. The Defendants, known and unknown, are liable for acts of negligent and inadequate security and supervision, with willful disregard of the safety of detainees under their care. When a property possessor voluntarily assumes the duty to protect entrants, and hires employees and security agents, the possessor must act with due care. No due care was exercised or effected by the Defendants herein, rather they acted with wanton disregard for life and property, and they arrogantly rebuff obligation to a reasonable standard of care of pretrial detainee and resident, Robert Klure.

Civil Rights Complaint             Page 7 of 11

Case No _____

**PRAYER**

Plaintiff herein asks this Honorable Court or from trial for order granting compensatory damages, for medical costs, pain and suffering, permanent disability, and emotional and psychological distress, travel costs, and legal expenses, and punitive damages.

Respectful submitted,

*[signature]*

Robert Klure

Dated: April 1, 2011

Robert Klure, pro se
PO Box 1175
Los Altos, California 94023
(415) 515-3658 FAX: (415) 901-2640 email: robertklure79@msn.com

Civil Rights Complaint

Page 8 of 11

Case No \_\_\_\_

## DECLARATION BY PLAINTIFF IN SUPPORT OF COMPLAINT

I, Robert Klure, Plaintiff in pro se in this Civil Rights Complaint for Damages, declare that this case evolves from the placement of Robert Klure, Plaintiff herein, into Cornell Corrections located at 111 Taylor Street – Room 302, Ca 94102, San Francisco County, Ca, as a pretrial, out on bond, detainee in early April, 2011. At the time, I, Robert Klure was a citizen under indictment of the Federal Court of California, Northern District of California – San Jose Division, as a pretrial detainee, who was placed in the Cornell Corrections housing facility, as a condition of bail, with inmates from all security levels, and just out of prison, and still incarcerated serving their sentences. I, Robert Klure, reported to Cornell around April 7th, 2010. Upon installation into the facility and assignment to room 302, I was attacked and battered while asleep, on April 9th, 2010, without provocation by an inmate with a long history of violence. The assailant is named herein as Defendant 1, Andre Doniel Armstrong. The attack resulted in my hospitalization at San Francisco General Hospital for skull fracture, concussion, and with other neurological, physical, and psychological trauma.

The conspiracy, scheme and plot of the Defendants herein, purposely deprived the Plaintiff of his right to safety, life, liberty and the pursuit of happiness, and it is unconscionable. After the assailant harmed the Plaintiff, the possessor of the property and custodian of the detainees allowed the assailant to remain and wonder freely throughout the premises after the assault; an act of intimidation to the Plaintiff and victim of the assault and battery. Herein the negligence is considered gross when there is intentional failure to perform a manifest duty to protect, in reckless disregard of the consequences as affecting the life, wellbeing, safety, or property of another. Gross negligence as in this case consists of conscious and voluntary acts of disregard for the safety of the Plaintiff by Defendants Armstrong and Does, which has resulted in injury to Plaintiff. The defendants, who contractually and morally accepted and were obligated to protect the Plaintiff, are aware of their neglect of reasonable duty.

Premise liability law is the body of law which makes the persons who are residing at and in possession of land or premises, responsible for certain injuries suffered by persons who are present on the premises. The Plaintiff was an invitee and detainee, obligated, and ordered to be at the property. Herein the Premises Liability is considered gross when there is intentional failure to perform a manifest duty to maintain safety, in reckless disregard of the consequences as affecting the life or property of another. The fiduciary duty of employees and guardians at Cornell

Civil Rights Complaint                                        Page 9 of 11

Case No _____

Corrections, possessors and residents at the premises must, while subordinating their personal interests to that of the other persons (residents and detainees), protect residents and detainees. It is the highest standard of duty implied by law. Their fiduciary duty in this case was to timely and consistently preserve the safety and wellbeing of the Plaintiff Robert Klure. When the particular criminal act by a third person, Andre Doniel Armstrong, was foreseeable from his history, the possessor and guardian of the property had a duty to protect entrants from attack. An act would be considered foreseeable with a history of prior similar acts or a totality of the circumstances in test. The defendants, Andre Doniel Armstrong and Does (Custodians and possessors of the premises) had a duty to respect and preserve the civil rights of the Plaintiff. They did not.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Executed at San Francisco, California

Dated: April 1, 2011

Robert Klure

## VERIFICATION

I verify that the information contained in this pleading is accurate and correct to the best of my understanding and knowledge.

Dated: April 1, 2011    Robert Klure, pro se/self represented

Dated this first day of April, 2011

By: _____
Robert Klure
P.O. Box 1175
Los Altos, CA 94023
*Plaintiff in Proper Person*

Civil Rights Complaint                                           Page 10 of 11

Case No _____

# PROOF OF SERVICE BY FIRST-CLASS MAIL

The undersigned, doing business in the County of San Francisco, State of California; and over the age of eighteen years; and not a party to the within action; my business address is 1425 Yosemite Ave, San Francisco, Ca 94124-3321

On the date set forth below, I caused the following document(s) entitled: **CIVIL RIGHTS COMPLAINT** pursuant to 42 U.S.C. § 1983 to be served on the party (ies) or (their) attorney(s) of record in this action by placing each envelope with first class postage affixed thereto in the U.S. Mail box at Los Altos, California. I am readily familiar with this practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing. Mailed, emailed, or served by personal service to all parties as listed below:

1) Andre Doniel Armstrong
   2060 W Alpine Ave, Stockton, Calif 95204

I declare under penalty of perjury pursuant to 28 U.S.C.S. § 1746(2) that the foregoing is true and correct.
Executed on the 18th day of April, 2011 at San Francisco, California.

Dated: April 18, 2011                      Sallie Plassmeyer

Robert Klure, pro se
PO Box 1175
Los Altos, California 94023
(415) 515-3658  FAX: (415) 901-2640  email: robertklure79@msn.com

Civil Rights Complaint                                              Page 11 of 11

Case No ____