**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KLURE,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDRE DONIEL ARMSTRONG, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-11-1853 EMC<br><br>**ORDER CONTINUING MOTION FOR APPOINTMENT OF COUNSEL AND VACATING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**(Docket Nos. 17, 18)** |

        Plaintiff Robert Klure has filed two motions with the Court. The Court considers them in turn.

A.    <u>Motion Requesting Appointment of Counsel for Disabled Person (Docket 18)</u>

        Mr. Klure has filed a motion requesting that the Court appoint counsel for him. Docket No. 18. This Court has already granted Plaintiff IFP status. Docket No. 6. The Court was satisfied that, as a prima facie matter, there is subject matter jurisdiction and at least a debatable claim on the merits in this case because Mr. Klure seems to be making a *Bivens* claim[1] against employees of Cornell Corrections, a facility affiliated with the federal government which may or may not be a federal actor for purposes of *Bivens* liability. *See Minneci v. Pollard*, 131 S. Ct. 2449 (2011)

---

[1] In the complaint, Mr. Klure refers to 42 U.S.C. § 1983. That statute, however, gives rise to a cause of action against a person acting under color of *state* law, not federal. Where a person is acting under color of *federal* law, then the proper cause of action is a *Bivens* claim. *See Pollard v. GEO Group, Inc.*, 629 F.3d 843, 854 (9th Cir. 2010) (stating that "[i]n *Bivens*, the Supreme Court recognized an implied cause of action under the Fourth Amendment for injury caused 'by a federal agent acting under color of his authority'" and that "[i]t is widely accepted that *Bivens* provides a cause of action only against an official 'acting under color of federal law'").

(granting certiorari to Ninth Circuit case finding that employees of private corporation operating federal prison were subject to *Bivens* liability).

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request that an attorney represent a person who is unable to afford counsel. However, the court may request counsel only in "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To determine whether "exceptional circumstances" exist, the trial court should evaluate (1) the likelihood of the indigent party's success on the merits and (2) the indigent party's ability to articulate his claims in light of the complexity of the legal issues involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quotations and citation omitted).

In the instant case, it does not appear that Plaintiff has attempted to obtain free legal advice offered by the Volunteer Legal Services Program of the Bar Association of San Francisco ("VLSP"). Therefore, the Court **CONTINUES** his motion in order to give him an opportunity to seek assistance before the Court rules on his motion.

Mr. Klure is directed to contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-9000 extension 8657, for legal advice and assistance regarding his claims. A flyer is attached for Mr. Klure's information.

Mr. Klure is directed to file a letter with the Court no later than December 15, 2011, informing the Court as to whether he was able to contact VLSP and whether he still requests appointment of counsel. If he does, Mr. Klure shall explain to the Court why there are "exceptional circumstances" in this case that warrant counsel.

For Mr. Klure's benefit, the Court also directs his attention to the Court's Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants.

///
///
///
///
///

B.  <u>Motion for Leave to File First Amended Complaint (Docket No. 17)</u>

Plaintiff has filed a motion for leave to file his first amended complaint. Docket No. 17. However, as Plaintiff correctly notes in his motion, he may file his amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15. Therefore, the Court **VACATES** his motion for leave as it is unnecessary. The First Amended Complaint is already filed at Docket Number 16.

This order disposes of Docket No. 17.

IT IS SO ORDERED.

Dated: November 4, 2011

_____
EDWARD M. CHEN
United States District Judge

3